CIVIL MINUTES -- GENERAL

Case No.    **CV 18-3558-JFW(ASx)**                                    Date: June 5, 2018

Title:      Maria Jimenez -v- Ford Motor Company, et al.

**PRESENT:**
            **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   Shannon Reilly                              None Present
   Courtroom Deputy                            Court Reporter


**ATTORNEYS PRESENT FOR PLAINTIFFS:**        **ATTORNEYS PRESENT FOR DEFENDANTS:**
            None                                         None

**PROCEEDINGS (IN CHAMBERS):**    ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT

On February 16, 2018, Plaintiff Maria Jimenez ("Plaintiff") filed a Complaint against Defendants Ford Motor Company ("Ford") and United Brothers Motor Group, Inc. ("United Brothers") (collectively, "Defendants") in Los Angeles Superior Court. On April 26, 2018, Ford filed a Notice of Removal of Entire Case, alleging that this Court has jurisdiction pursuant to 28 U.S.C. Section 1332(a). On May 5, 2018, the Court issued an Order to Show Cause directing Ford to explain why this action should not be remanded for lack of subject matter jurisdiction. On June 1, 2018, Ford filed a Response to the Court's Order to Show Cause. On June 4, 2018, Plaintiff filed her Opposition to Defendants' Response to the Court's Order to Show Cause.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, Ford bears the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

Diversity jurisdiction based on 28 U.S.C. Section 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332(a). In this case, although Plaintiff and United Brothers are both citizens of

California, Ford contends that United Brothers was fraudulently joined, and, thus, its presence in the lawsuit should be ignored.

"Although an action may removed to federal court only where there is complete diversity of citizenship, . . . one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quotations and citations omitted). If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the *settled* rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (emphasis added). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is *any possibility* that a plaintiff may prevail on the cause of action against an in-state defendant. *See id.* at 1008, 1012. "The standard is not whether [a] plaintiff will actually or even probably prevail on the merits, but whether there is a *possibility* that [she] may do so." *Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996) (emphasis added). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" *Plute*, 141 F. Supp. 2d at 1008 (quoting *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42–43 (5th Cir. 1992)). Moreover, any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand. *See id.* "[A] removing defendant alleging fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant. Rather, the defendant must establish that plaintiff could not amend his complaint to add additional allegations correcting any deficiencies." *Martinez v. Michaels*, 2015 WL 4337059, at *5 (C.D. Cal. July 15, 2015) (quotations and citations omitted).

The Court finds that Ford has not carried its burden of demonstrating that United Brothers has been fraudulently joined. In her Complaint, Plaintiff asserts a claim for breach of the implied warranty of merchantability against Ford and United Brothers. Although Ford claims that Plaintiff cannot possibly prevail on this claim, "Plaintiff alleges that the running of the limitations periods have been tolled by equitable tolling, class action tolling . . . the discovery rule, fraudulent concealment rule, equitable estoppel and/or repair rule." Complaint ¶ 7. In addition, although Ford argues that Plaintiff has not pled sufficient facts to demonstrate that the statute of limitations is tolled as to her claim against United Brothers, the Court cannot conclude that Plaintiff has no possibility of ultimately stating her claim for breach of implied warranty of merchantability. As multiple district courts have recognized, equitable tolling principles—including fraudulent concealment tolling—apply to the statute of limitations for implied warranty of merchantability claims. *See e.g., Phillips v. Ford Motor Co.*, 2016 WL 1745948, at *14 (N.D. Cal. May 3, 2016); *State v. Chrysler Group LLC,* 2015 WL 736273 (C.D. Cal. Feb. 20, 2015); *Roberts v. Electrolux Home Prods.*, 2013 WL 7753579 (C.D. Cal. Mar. 4, 2013). Accordingly, the Court concludes that Ford's arguments that Plaintiff's claim is barred by the statute of limitations is better raised in a demurrer, motion to dismiss, or motion for summary judgment rather than a notice of removal. *See*

*e.g., Vincent v. First Republic Bank Inc.*, 2010 WL 1980223, at *4 (N.D. Cal. May 17, 2010) ("While plaintiff's allegations may fall short of proving outrageous conduct, this order cannot conclude that plaintiff has absolutely no possibility of stating a claim, if afforded an opportunity to amend"). Therefore, Ford has failed to meet its burden of demonstrating that United Brothers has been fraudulently joined.

For all the foregoing reasons, this action is **REMANDED** to Los Angeles County Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.